IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEVONE V. HARRIS,** #22944-78, Petitioner, | ) ) ) | |
| vs. | ) ) | No. 3:18-CV-1407-S (BH) |
| **WARDEN MARTHA UNDERWOOD,** Respondent. | ) ) ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DENIED** in part, and **DISMISSED** in part for lack of jurisdiction in part.

### I. BACKGROUND

Devone V. Harris (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas (FCI-Seagoville), challenges his federal conviction and sentence and the manner in which his sentence is being executed by the Bureau of Prisons (BOP) under 28 U.S.C. § 2241. The respondent is Martha Underwood, the Warden of FCI-Seagoville.

Petitioner was convicted of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and he was sentenced to 96 months' imprisonment. *See United States v. Harris*, No. 6:15-CR-00004 (E.D. Tex. Oct. 26, 2016). Other counts, including using, carrying, or possessing a firearm during and in furtherance of a drug trafficking crime, and being a felon in possession of a firearm, were dismissed.

Petitioner contends that BOP erroneously found that he is ineligible for early release from prison under 18 U.S.C. § 3621 due to a two-level gun enhancement. (*See* doc. 4 at 13, 15.) He

claims that he did not possess a gun in the commission of his drug offense, and that his roommate possessed and was convicted of possessing the gun. (*See id*. at 3.) He claims that counsel was ineffective for failing to advise him that the two-level gun enhancement would render him ineligible for a reduction of his time in custody under § 3621(e)(2)(B). (*See id*. at 4, 5.) He also argues that because he was convicted of a nonviolent offense, he was eligible for a § 3621(e)(2)(B) reduction.

## II.  SENTENCING CLAIMS

A writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). A motion to vacate under 28 U.S.C. § 2255 is the appropriate vehicle for challenging the validity of a federal conviction and sentence, including claims of error that occurred at the time of sentencing. *Id.* (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)).

Petitioner's claims of ineffective assistance of counsel and sufficiency of the evidence to support a sentence enhancement cannot be the basis for relief under § 2241; they must be raised in a § 2255 motion. *See id*. Section 2255 motions must be filed in the sentencing court. *Pack v. Yusuff*, 218 F.3d at 451. The petitioner was sentenced in the Eastern District of Texas, Tyler Division, so this Court does not have jurisdiction to entertain a § 2255 motion. His sentencing claims should therefore be dismissed for lack of jurisdiction. *See id*.

## III.  SECTION 3621 CLAIM

A prisoner who has been "convicted of a nonviolent offense" may be released from prison within one year before his scheduled release date if he successfully completes a drug treatment program. *See* § 3621(e)(2)(B). BOP may deny an early release under § 3621(e)(2)(B) if the prisoner

2

was found at trial to have used a firearm in connection with the offense. *See Handley v. Chapman*, 587 F.3d 273, 278 (5th Cir. 2009). According to Petitioner, he received a firearm enhancement, so he has not shown that he was erroneously denied early release under § 3621.

## V. RECOMMENDATION

The § 3621 claim in the petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice, and the sentencing claims should be **DISMISSED** for lack of jurisdiction.

**SIGNED** this 16th day of July, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE